McMAUGH and wife vs. THE CITY OF MILWAUKEE.

*Highway — Negligence — Court and Jury.*

1. In general the question whether a particular condition of a sidewalk or street, considered either in respect to the grade or the manner of construction, amounts to a defect, rendering the municipal corporation liable for accidents resulting from such condition, is a question of fact for the jury. Some exceptions, as in the case of *Cook v. Milwaukee* (24 Wis., 270, and 27 id., 191), noted.

2. The complaint alleges, in substance, that the crosswalk over a gutter at a certain spot in a city was only two and a half feet wide (instead of four feet, which was the lawful and established width, and necessary for the safety of persons passing over it on foot); that it was two and a half feet above the surface of the gutter, and descended at the rate of eighteen feet in a hundred, whereas, if the streets, gutters and walks had been constructed as established by the city ordinance, the walk would have been only six or eight inches above the gutter, with a descent of only one foot in a hundred; that one of the plaintiffs (being the wife of the other), in crossing with due care, in the night, and when the walk was covered with ice, slipped and fell from said crosswalk into the gutter, and broke her leg; and that the accident was caused by such defective construction of the walk. *Held*, that the court cannot say as a matter of law that the crosswalk was not defective; and a demurrer to the complaint as insufficient was properly overruled.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for injuries to the person of *Mrs. McMaugh* alleged to have been caused by the defective condition of a crosswalk, etc., in the defendant city. The city appealed from an order overruling its demurrer to the complaint as not stating a cause of action. The substance of the complaint is stated in the opinion.

*E. G. Ryan*, City Attorney, for appellant, contended, 1. That the charter of the city did not impose upon it the duty of building sidewalks, crosswalks and bridges across gutters, and if there was any provision for them it must be by ordinance of the common council, and such ordinance should have

McMaugh and wife vs. The City of Milwaukee.

been pleaded ; and that it might well be doubted, also, whether the established grade of a street could be pleaded otherwise than by pleading the ordinance establishing it. 2. That it appeared from the complaint that the negligence of the female plaintiff contributed directly to the accident ; that she was chargeable with knowledge of the weather, and the danger of ice, and it was negligence under the circumstances for her to be going about in the dark, without carrying a lighted lantern or wearing shoes not liable to slip upon the ice. 3. That it appears from the complaint that the direct and sole material cause of the accident was the ice, for the existence of which the city was not responsible. 4. That under the decisions of this court in *Cook v. Milwaukee*, 24 Wis., 274, and 27 id., 192, the mere neglect of grade in the construction of the bridge across the gutter could not be held to make the city liable ; and that conceding the power and duty of the city to bridge gutters, a bridge two feet and four inches wide is sufficient for the safe passage of foot passengers exercising reasonable care.

*L. Wyman* (with *O. H. Waldo*, of counsel), for respondent, to the point that a city is liable for damages resulting from its negligence in permitting a highway to remain in an unsafe condition, after notice, cited, R. S., ch. 19, §§ 120, 126, and ch. 5, § 20 ; 5 Sandf., 289 ; 3 Coms., 464 ; *Hutson v. New York*, 9 N. Y., 163–69 ; *Adsit v. Brady*, 4 Hill, 630 ; *The Mayor etc. v. Furze*, 3 Hill, 612 ; *Conrad v. Ithaca*, 16 N. Y., 158 ; *Kelley v. Milwaukee*, 18 Wis., 83–86 ; *Cook v. Milwaukee*, 24 id., 270, 274, 275, and 27 id., 191 ; *Kittredge v. Milwaukee*, 26 id., 46 ; *Weisenberg v. City of Appleton*, id., 56. It is the duty of the city not to permit a sidewalk to remain in such a condition as not to be safely walked upon. *Cook v. Milwaukee*, 24 Wis., 274 ; *Luther v. Worcester*, 97 Mass., 268 ; *Hutchins v. Boston*, id., 272 ; *Hall v. Lowell*, 10 Cush., 260 ; *Shea v. Lowell*, 8 Allen, 136 ; *Payne v. Lowell*, 10 id., 147 ; *Providence v. Clapp*, 17 How., 164 ; *Davenport v. Ruckman*, 37 N. Y., 568. The facts alleged in the complaint show negligence entitling plaintiff to recover.

*Willard v. Newbury*, 22 Vt., 458; *Battey v. Duxbury*, 24 id., 155; *City of Buffalo v. Halloway*, 3 Seld., 493; *Storrs v. Utica*, 17 N. Y., 104; *Chicago v. Robbins*, 2 Am. Law Reg., N. S., 528; *Davenport v. Ruckman*, 37 N. Y., 568. It was not necessary to set out any ordinance in full in the complaint. (1.) It is not essential to plaintiff's cause of action. (2.) It is matter of proof, under the general allegations of the complaint. (3.) Defendant can not take the objection by demurier, but (if at all) only by motion to make the complaint more definite and certain.

COLE ,J. This is an action brought against the city of Milwaukee to recover damages for an injury sustained by the female plaintff, who slipped and fell upon a crosswalk which extends across the north gutter of Park street in said city, at the place where such gutter intersects the crosswalk along the east side of Greenbush street.

Among other things it is alleged in the complaint, that the grade of Greenbush street, as established by a city ordinance, descends from north to south at the rate of one foot in one hundred feet, and no more; that the grade of Park street, as established by ordinance, descends from west to east at the rate of one foot in one hundred feet, and no more; that the work of grading and improving those streets and crosswalks, and in particular the sidewalk and gutter on and along the northerly side of Park street at and near the crossing of said streets, and the crosswalk across Park street on the east side of Greenbush street, was so negligently, unskillfully and deficiently done that the last named crosswalk, where it extends over and across the north gutter of Park street, was and is about two feet above the established grade, and did not descend in accordance with the grade at the rate of one foot in one hundred feet, but did descend from north to south over and across the gutter on the north side of Park street at the rate of eighteen feet in one hundred, while the gutter and

stone pavement at that point were much below the established grade, so that the crosswalk over the gutter, instead of being six to eight inches only above the bed of the gutter, as it would have been if properly constructed, was two and one-half feet above the same; and the crosswalk, instead of being constructed of the proper and lawfully established width, or of such width as was necessary to render the same a safe passage way for foot passengers, was only two feet and four inches in width, instead of four feet as it should have been, and was provided with no cross slats or any other means to prevent slipping and falling thereupon. And it is alleged that while the female plaintiff was walking along the sidewalk after dark, in December, 1871, in the exercise of due care, and while passing over the crosswalk over the gutter at that place — such crosswalk being at the time covered with a slight coat of ice — she slipped and fell from the crosswalk down upon the pavement or bed of the gutter, and broke the bone of her right leg, and sustained other serious injuries.

These are the material facts stated in the complaint upon which the liability of the city for damages is predicated. And it is claimed and insisted by the learned counsel for the city, that they fail to show that the crosswalk where the accident happened was negligently constructed, or was in an unsafe and dangerous condition; and that this court can say, as a matter of law, that there was no defect in the crosswalk at that place which rendered the city liable for an injury occasioned by it. We do not well see how we can say, upon the facts stated, whether the particular condition of the crosswalk constituted a defect or not. That it is the duty of the city so to grade its streets and construct crosswalks and gutters as to render them reasonably safe and convenient for passengers who have occasion to pass over and along them, is a proposition not seriously controverted by its counsel in this case. The question whether a particular condition of the street or sidewalk, when considered either in respect to the grade or manner of construction,

amounts to a defect or not, is ordinarily one of fact, to be determined by the jury from the evidence. Cases, of course, arise so clear upon the facts that a court is able to say, as a question of law, that the matter complained of constitutes no defect in the sidewalk or highway for which the city can be made liable. This was so in the Cook case referred to in the argument, and in cases of like character. But the case presented by the complaint does not, we think, fall within the principle of those cases. For it seems impossible to say as a matter of law that this crosswalk, which was only two feet and four inches wide, extending over a gutter which was two feet and a half below the walk — the walk descending at that place at the rate of eighteen feet in one hundred feet — was a properly constructed walk, reasonably safe for travelers who might have occasion to pass over it in the night when it might be covered with ice and snow. Possibly the evidence in regard to all the surroundings might satisfy a jury that it was sufficient for all purposes, and that travelers could cross it in safety with the exercise of due care and caution. Facts and circumstances might show that the variation of the sidewalk and crosswalk at that place from the established grade, and the descent at the rate of eighteen feet in one hundred, constituted no insufficiency, and did not render the walk dangerous in view of the use which would likely be made of it. But all these questions should properly be submitted to the jury upon the evidence, who alone can determine whether the walk was negligently and defectively constructed or not. It seems to us the case is clearly distinguishable from the case of Cook, where we had no difficulty in holding that the particular matters relied upon to charge the city did not constitute a defect in the walk. No such inference can be drawn from the allegations of the complaint in the present case; and the liability of the city will depend upon the proof given on the trial.

It follows from these remarks that the demurrer to the complaint was properly overruled.

*By the Court.* — The order of the circuit court is affirmed.