GROSSENBACH, Appellant, vs. THE CITY OF MILWAUKEE, Respondent.

*December 8 — December 23, 1885.*

*Municipal corporations: Sidewalks: Ice and snow: Slipperiness: Evidence of defects.*

1. When a sidewalk is so constructed that with the ice and snow which would ordinarily accumulate upon it in winter it is unsafe for travel, it is defective.

| 65 | 31 |
|----|----|
| 79 | 449 |
| 65 | 31 |
| 84 | 294 |
| 65 | 31 |
| 85 | 190 |
| 65 | 31 |
| 96 | 455 |
| 65 | 31 |
| 101 | 375 |
| 65 | 31 |
| 107 | 91 |
| 65 | 31 |
| 53 LRA | 809 |

2. But the mere slipperiness of a walk, caused by the temporary presence of melting snow and water during a sudden thaw, is not such a defect as will render the city liable for an injury caused thereby.

3. The existence of a defect in a sidewalk cannot be inferred from the mere happening of an accident thereon.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover damages on account of personal injuries alleged to have been caused by the defective condition of a cross-walk in the defendant city. The facts will sufficiently appear from the opinion. At the close of the testimony the circuit court directed a verdict for the defendant, and from the judgment entered thereon the plaintiff appealed.

For the appellant there were briefs signed by *E. P. Smith* and *Nath. Pereles & Sons*, and oral argument by *Mr. Smith*. To the point that where, by its charter, the care and custody of the streets and walks is intrusted to the city, and it is especially empowered to keep them clear from ice and snow, and where it has been the custom and practice to keep the cross-walks so cleaned, and where there was an accumulation and freezing of ice and snow upon a walk, and notice to the city thereof, and a failure to remove such obstruction, the city is liable for injuries resulting therefrom, they cited *Nason v. Boston*, 14 Allen, 508; *Johnson v. Lowell*, 12 id. 572, note; *Stanton v. Springfield*, id. 566; *Luther v. Worcester*, 97 Mass. 268, 276, note; *Stone v. Hubbardston*, 100 id. 57; *Cook v. Milwaukee*, 24 Wis. 274, and cases cited; *Providence v. Clapp*, 17 How. 161. As to defendant's liability for permitting the gutter to become obstructed, so that the water and slush would be liable to run over the apron, see *Gilluly v. Madison*, 63 Wis. 518.

For the respondent there was a brief signed by *R. Luscombe*, City Attorney, and *Joshua Stark*, of counsel, and oral argument by *Mr. Stark*. To the point that the existence of a smooth slippery surface of ice or snow upon a sidewalk

in winter is not such a defect as will make the city liable in damages, they cited *Cook v. Milwaukee,* 24 Wis. 270; *S. C.* 27 id. 191; *Gilbert v. Roxbury,* 100 Mass. 185; *Stone v. Hubbardston,* id. 49; *Cromarty v. Boston,* 127 id. 329; 34 Am. Rep. 381; *McKellar v. Detroit,* 23 N. W. Rep. 621; *Broburg v. Des Moines,* 63 Iowa, 523; 50 Am. Rep. 756; *Mauch Chunk v. Kline,* 100 Pa. St. 119; 45 Am. Rep. 364; *Smyth v. Bangor,* 72 Me. 249; *Chicago v. McGiven,* 78 Ill. 352.

CASSODAY, J. The plaintiff testified, in effect, that on the evening of February 26, 1881, he started from his place of business on East Water street to his home, by one of his usual routes; that he went along on the west side of Broadway; that, while passing from the cross-walk over Oneida street to the sidewalk, and when in the act of stepping upon the bridge or apron over the gutter with his left foot, he fell backward towards the middle of Oneida street, and broke his ankle; that at the time the apron was covered with melting snow and water, some three or four inches deep. The undisputed evidence tended to show that the apron was about eight feet long, and ascended in the direction the plaintiff was going from eight to twelve inches in the whole length; that the surface of the apron was slippery with ice; that there had been about eight inches of snow on the 11th and 12th of the same month; that there had been slight falls of snow at four or five different times between that and the 24th, but at no time more than a fraction of an inch; that the temperature had been variable, but was below freezing in the morning and evening during all the time between the 12th and the 25th, inclusive; that it thawed in the middle of the day of both the 21st and 22d; that it thawed all day on the 26th, which was the day of the injury, and increasingly so, from 36 degrees in the morning to 47 in the evening.

The only structural defect alleged in the apron is that it was only about four feet wide, and was twenty inches above the center of the gutter, without any guards on the sides to prevent people from stepping off, and without any cross-pieces on the surface to prevent people from slipping down. The plaintiff's testimony as to the occurrence of the injury precludes the possibility of·any such alleged defect contributing in any way to the injury. He distinctly swore that he did not step off the apron into the gutter. This being so, its height and the absence of guards in no way contributed to the injury. He also swore that he did not fall forward as he was ascending the apron, but backward. This being so, it is very evident that the incline of the apron or the absence of slats in no way contributed to the injury. He swore that the planks were warped and the surface of the apron uneven, but no substantial defect in that respect is shown. The same is true in respect to the incline of the apron. *Schroth v. Prescott*, 63 Wis. 652. This court has gone to the extent of holding, in effect, that when a sidewalk is so constructed as to be, with the ice and snow that would ordinarily accumulate upon it in winter, unsafe to travel thereon with ordinary care, then it is defective. *Hill v. Fond du Lac*, 56 Wis. 248; *Stilling v. Thorp*, 54 Wis. 537. This is substantially the ruling in the Massachusetts cases cited by counsel. The Connecticut court professes to have established a more stringent rule as to cities. *Cloughessey v. Waterbury*, 51 Conn. 405. But none of the cases seem to go to the extent of holding that mere slipperiness, resulting wholly from natural causes, constitutes a defect. See the cases in this court above cited, and *Cook v. Milwaukee*, 24 Wis. 270; *S. C.* 27 Wis. 191; *Stanton v. Springfield*, 12 Allen, 566; *Billings v. Worcester*, 102 Mass. 329.

The mere fact that there was melting snow and water passing along the gutter and over the cross-walk and apron

westerly along Oneida street, cannot be regarded as a defect, under the circumstances stated. Such melting snow and water had to go somewhere, and ordinarily must go along the surface of the street. Presumably the sudden thaw caused the flow of water and snow. But that was only temporary. An accumulation of ice or snow, constituting an obstruction, might be allowed to remain such length of time as to create a liability in favor of one injured thereby. The mere fact that the surface of the apron beneath such melting snow and water was slippery cannot be regarded as a defect in the walk, upon the principles already stated.

The plaintiff testified that his foot was caught as in a vise, but he gives no explanation as to the cause, and there is not a particle of evidence from which it may be inferred. It is all left to conjecture. There is no claim that there was any hole in the apron or cross-walk. We are asked to infer the existence of a defect from the fact of the injury alone. This cannot be done. *Sorenson v. Menasha P. & P. Co.* 56 Wis. 338. There is no evidence of any deformity nor want of conformity in the cross-walk or apron. Cities and towns are not insurers of safety to travelers. There is nothing in the structure of the walk and apron, combined with the ice, snow, and water, tending to prove negligence or misfeasance in the defendant. The city can only be held liable for doing something which ought not to have been done, or failing to do something which it, or its authorized agents, ought to have done. It is enough here to say that we find no evidence tending to prove such wrong-doing or failure to do.

*By the Court.*— The judgment of the circuit court is affirmed.