Morrison vs. City of Madison.

Morrison, Executor, Appellant, vs. City of Madison, Respondent.

*May 21 — June 11, 1897.*

*Municipal corporations: Defective cross-walk: Court and jury.*

1. The court is not warranted in taking a case from the jury unless the facts are undisputed, and the reasonable inferences therefrom in regard to the ultimate fact at issue are all one way.

2. A cross-walk is not defective as matter of law because an apron from the sidewalk across the gutter is constructed, on a slope of one and three-fourths inches to the foot, without cleats or other devices to prevent slipping.

Appeal from a judgment of the circuit court for Dane county: R. G. Siebecker, Circuit Judge. *Affirmed.*

Morrison vs. City of Madison.

On the 29th day of November, 1893, plaintiff's testator, while traveling on foot on the cross-walk from the west to the east side of Park street, a much-used public thoroughfare in the city of Madison, Wisconsin, and when about midway of the apron constructed from the sidewalk on the west side of the street to the macadam portion of such street, slipped, fell, and struck upon his hip, thereby causing to him a serious bodily injury, from the effects of which he subsequently died. This action was brought to recover damages, upon the theory that the cross-walk, at the point where the deceased slipped and fell, was not reasonably safe for public travel, and that such insufficiency was the proximate cause of the injury complained of. The alleged defect consisted of the apron being constructed on a slope of about twenty-two inches in thirteen and one-half feet, and there being no provision made by means of cleats, or sprinkling with sand or ashes, to guard against the liability of pedestrians slipping on the inclined surface of the apron during the season when it was liable to be rendered dangerously slippery by reason of ice formed thereon. The answer put in issue the allegations of the complaint charging defendant with negligence in respect to the cross-walk, and alleged contributory negligence on the part of the deceased. The evidence showed that the cross-walk consisted in part of an apron, so called, reaching from the sidewalk across the gutter to the macadam portion of the street, constructed of good, sound plank so placed as to make a walk thirteen and one-half feet long by five and one-quarter feet wide, with a slope from the sidewalk towards the center of the street of one foot ten and three-quarters inches. It was a new structure, having been finished but a few days prior to the accident. There were no cleats on the planking or other means used to prevent slipping, and no railing to guard against stepping off at the sides where the surface of the walk was raised above the gutter and the sloping sides thereof. At the time of the ac-

cident the cross-walk was covered with a thin coating of ice, which had formed within a few hours by reason of a sudden fall of the temperature during a slight fall of rain and sleet. The jury found specially that the cross-walk where plaintiff was injured was not insufficient or out of repair. Judgment was thereupon rendered in defendant's favor, dismissing the complaint, with costs, and from such judgment plaintiff appealed.

For the appellant there was a brief by *Spooner, Sanborn, Kerr & Spooner,* and oral argument by *A. L. Sanborn.*

*John A. Aylward,* for the respondent.

MARSHALL, J. The single question presented in this case is, Was the cross-walk, where the deceased was injured, defective as a matter of law? The facts in regard to its construction and condition are all undisputed; yet if there was any room for honest differences of opinion among reasonable men of unbiased minds in respect to the inferences that should be drawn therefrom regarding the fact in issue, then it was for the jury, and not the court, to draw the correct inference. It is only when the facts are undisputed, and the reasonable inferences therefrom in regard to the ultimate fact in issue are all one way, that what is the proper inference is a question of law for the court to answer. *Sabotta v. St. Paul F. & M. Ins. Co.* 54 Wis. 687; *Dahl v. Milwaukee City R. Co.* 62 Wis. 652; *Hill v. Fond du Lac,* 56 Wis. 242; *Orttel v. C., M. & St. P. R. Co.* 89 Wis. 127.

In the light of the foregoing well-established principle, and the numerous adjudications of this court applying it to facts similar to those here presented, and unfavorably to appellant's contention, we must hold and decide that the court properly submitted the question of the sufficiency of the cross-walk to the jury, and that the determination in that regard in defendant's favor is a verity in the case. Keeping in mind, for the purposes of comparison, that the cross-walk

was on a grade of about one and three-quarters inches to the foot; that, as in all the cases to which we will refer, there were no cleats on the walk to guard against danger of travelers slipping thereon; that such grade and absence of cleats were the only defects complained of which, on the evidence, could have had anything to do with the injury to the deceased, the cases cited by respondent's counsel from the records of this court are clearly conclusive in its favor. In *Cook v. Milwaukee*, 27 Wis. 191, a flagstone, lying across a gutter and forming a part of the cross-walk, was on a slant of one inch to the foot, and the sidewalk in connection with the flagstone, for a distance of two feet, was on a slant of three inches to the foot. In *Hill v. Fond du Lac*, 56 Wis. 242, there was a descent in the walk of three inches to the foot for a space of two feet. In *Schroth v. Prescott*, 63 Wis. 652, the slant of the walk was about the same as in this case. In *Whitney v. Milwaukee*, 57 Wis. 639, the slant of the walk was still greater than in the preceding case. In *McMaugh v. Milwaukee*, 32 Wis. 200, the walk was two and a half feet above the surface of the gutter, and descended at the rate of about two inches to the foot. Plaintiff, in attempting to walk on it when it was covered with ice, slipped and was injured. In *Perkins v. Fond du Lac*, 34 Wis. 435, the walk was constructed of plank, and on a grade of about one and three-quarters inches to the foot. Plaintiff was injured by slipping while walking thereon when the walk was covered with ice. In *Grossenbach v. Milwaukee*, 65 Wis. 31, the cross-walk where plaintiff was injured was on a grade of from one to one and a half inches to the foot. In all of these cases this court held that the sufficiency of the walk was a question for the jury. We cannot hold otherwise in this case without going contrary to the established law on the subject.

*By the Court.*— The judgment of the circuit court is affirmed.