CORNELIA LUSH, Appellant, v. INCORPORATED TOWN OF
PARKERSBURG.

127  701
137  372

**Sidewalk approach: CONSTRUCTION: NEGLIGENCE.** The construction
1 of an approach from a street to a sidewalk on a slope of one
foot in seven, is not negligence *per se;* and in the absence of
evidence that this slope rendered the walk dangerous, a find-
ing that the town was negligent in so constructing and main-
taining the same, would not be warranted.

**Same.** The fact that plaintiff slipped and fell on the approach to
2 the sidewalk would not justify a finding that the same was
negligently constructed and maintained; nor was the allegation

of negligence in constructing the same so that the planks ran lengthwise rather than crosswise, one which should have been submitted to the jury, in the absence of evidence that such construction was improper or more dangerous on account thereof.

**Evidence:** TESTIMONY ON FORMER TRIAL. It is competent to prove the testimony of a party taken on a former trial, as admissions, whether contradictory or not, although the foundation for the offer for the purpose of impeachment was not laid.

**Evidence:** ADMISSIBILITY OF MODEL. The admission of a model of an alleged defective walk, in an action for damages, was not error, where it was shown to be a substantial reproduction and the witness pointed out the details in which the correspondence was not exact.

**Exclusion of evidence:** HARMLESS ERROR. The exclusion of evidence relating solely to the measure of recovery was not error, where the jury found plaintiff not entitled to recover anything for the injury after clear proof of damage on account thereof.

*Appeal from Butler District Court.*— HON. CLIFFORD P. SMITH, Judge.

TUESDAY, JULY 11, 1905.

ACTION to recover damages for injuries sustained from a fall on a sloping approach from a street to a sidewalk, which was, as alleged, in a defective condition, due to the negligence of the defendant. On trial to a jury there was a verdict for defendant, and from the judgment on this verdict plaintiff appeals.— *Affirmed.*

*Geo. M. Craig* and *Courtright & Arbuckle,* for appellant.

*W. T. Evans* and *Hemenway & Martin,* for appellee.

McCLAIN, J.— The allegation as to the negligence of the defendant was that the accident: " was occasioned wholly by the fault, carelessness, and negligence of the defendant corporation, its officers and agents, for that the said approach upon which plaintiff slipped and fell was improperly and negligently constructed in such a way as to produce an abrupt, steep, and dangerous incline from the walk to the

bottom of said approach, and was carelessly and negligently constructed, in that the planks were placed lengthwise, and in that no cleats or strips had been nailed across it to prevent one from slipping, or in that no measures had been taken by the defendant corporation, its officers or agents, to prevent the same from being and becoming dangerous to pedestrians."

The only evidence as to the approach to the sidewalk being dangerous, and as to the negligence of the defendant in allowing it to remain in a dangerous condition, was to the effect that it should have been provided with cleats or strips nailed across it. The approach was of pine planks laid lengthwise, five feet long, and it was eight and one-half inches higher where it joined the sidewalk than where it joined the street. The slope of the approach was therefore one foot in seven, and there is no evidence whatever that this slope in itself rendered the approach dangerous, or that the town was negligent, in view of all the circumstances, in constructing the approach at such a slope. We do not think that the jury would have been justified in finding that as a matter of fact it constituted negligence on the part of the town to construct the approach at this slope, and the court, therefore, did not err in failing to submit to the jury any question as to the negligence of the town, save that relating to the absence of cleats or strips. The court is not bound to submit to the jury every issue raised by the pleadings, but only such issues as are for the determination of the jury under the evidence.

The fact that plaintiff slipped on this approach when it was covered by a recent fall of snow would not be sufficient* to warrant the jury in finding that the slope was in itself, as a matter of fact, too great, and that the approach was therefore negligently constructed and maintained; nor was the allegation of negligence in constructing the walk so that the planks ran lengthwise instead of crosswise such an allegation of negligence as should have gone to the

*1. Sidewalk approach: construction; negligence.*

*2. Same.*

jury, in the absence of any evidence whatever that it was unusual or improper to employ the former form of construction instead of the latter, or that the approach was more dangerous on account of the form of construction employed.

Complaint is made of the admission in evidence, over the plaintiff's objection, of the transcript of plaintiff's testimony on a former trial. The objection is that this testimony was not admissible for the purpose of impeachment because no foundation had been laid, but it was competent for the defendant to prove the statements made by the plaintiff on a former trial as admissions against her interest, whether they were contradictory of any statements made in her testimony in the last trial or not. If the statements on the former trial were not against plaintiff's interest, their admission in evidence certainly was not prejudicial; if they were against her interest, then they were admissible for that reason.

*3. Evidence: testimony on former trial.*

Error is assigned in the admission in evidence, over plaintiff's objection, of a model of the approach; but there was no merit in this objection, for the model was shown to be a reproduction of the approach in all essential particulars, and the witness pointed out on cross-examination the particular details in which it failed to correspond exactly with the approach to which the testimony related.

*4. Evidence: admissibility of model.*

Error is also assigned in the exclusion of evidence offered for plaintiff as to the extent of the injury suffered by plaintiff by reason of the impairment of her earning capacity; but as the jury found plaintiff not to be entitled to recover anything for the injury, notwithstanding clear proof of damage suffered by her on account thereof, the exclusion of evidence relating exclusively to the measure of her recovery was clearly not prejudicial.

*5. Exclusion of evidence: harmless error.*

No error appears from the record, and the judgment is *affirmed.*