[No. 11333.  Department One.  December 13, 1913.]

JAMES A. DOUGAN, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—STREETS—SIDEWALKS—DANGEROUS CONSTRUCTION—QUESTION FOR JURY.  It cannot be said, as a matter of law, that it is negligence *per se* for a city to maintain a sidewalk without cleats at a grade of 12.9 per cent (GOSE, J., dissenting).

EVIDENCE—JUDICIAL NOTICE.  The courts will take judicial notice that a grade of 12.9 per cent is common for sidewalks in cities and towns in this state.

APPEAL—REVIEW—FINDINGS.  Findings of a trial court will not be disturbed on appeal unless upon examination *de novo* it is found that the evidence preponderates against them.

Appeal from a judgment of the superior court for King county, Everett Smith, J., entered May 8, 1913, upon findings in favor of the defendant, for personal injuries sustained by a pedestrian in a fall upon a sidewalk.  Affirmed.

*James A. Dougan, pro se.*

*James E. Bradford* and *Melvin S. Good,* for respondent.

CHADWICK, J.—Plaintiff slipped and fell upon a sidewalk laid upon a slope of 12.9 per cent, suffering injuries for which he seeks compensation in this action.  The accident occurred on the morning of the 5th day of April, 1912. There was a slight frost on the sidewalk.  From a judgment in favor of the defendant, plaintiff has appealed.

[1]Reported in 136 Pac. 1165.

Plaintiff estimated the grade of the walk at about 17 per cent. The court made no specific finding upon this point, holding, in addition to the fact that the city was not negligent, that plaintiff was guilty of contributory negligence and it made no difference whether the grade was 13 per cent or 17 per cent. The evidence of a city engineer, based on actual measurements, fixes the grade at 12.9 per cent, and we shall accept his finding.

Waiving the question of contributory negligence, there is but one question in this case. That is, whether it is negligence *per se* for a city to maintain a sidewalk without cleats on a 12.9 per cent grade.

Negligence is not to be presumed from the sole fact that plaintiff fell and was injured. *Grossenbach v. Milwaukee*, 65 Wis. 31, 26 N. W. 182, 56 Am. Rep. 614; *Sorenson v. Menasha Paper & Pulp Co.*, 56 Wis. 338, 14 N. W. 446; *Lush v. Parkersburg*, 127 Iowa 701, 104 N. W. 336. The testimony does not show the opinion of those who are competent to pass an opinion upon the physical facts disclosed; nor is it made to appear that other accidents upon sidewalks similarly constructed have happened with sufficient frequency to put the city upon notice of its dangerous character.

No cases are cited, nor have we found any, where courts have assumed to hold a grade of like character dangerous, as a matter of law. We may take judicial notice that such grades are frequent—in fact common—in cities and towns of this state, and that they have been maintained without prohibitive or regulative legislation. The courts have treated the question of negligence in such cases as one of fact, and have persistently refused to direct verdicts or render judgments *non obstante*.

In *Morrison v. City of Madison*, 96 Wis. 452, 71 N. W. 882, the slope was 22 inches in 13½ feet, or 13.6 per cent. The court said:

"The facts in regard to its construction and condition are all undisputed; yet if there was any room for honest differ-

ence of opinion among reasonable men of unbiased minds in respect to the inferences that should be drawn therefrom regarding the fact in issue, then it was for the jury, and not the court, to draw the correct inference. It is only when the facts are undisputed, and the reasonable inferences therefrom in regard to the ultimate fact in issue are all one way, that what is the proper inference is a question of law for the court to answer."

This case is instructive in that it refers to many cases where the grade and absence of cleats were the only defects complained of. In *Lush v. Town of Parkersburg, supra,* it is said:

"The only evidence as to the approach to the sidewalk being dangerous, and as to the negligence of the defendant in allowing it to remain in a dangerous condition, was to the effect that it should have been provided with cleats or strips nailed across it. The approach was of pine planks laid lengthwise, five feet long, and it was eight and one-half inches higher where it joined the sidewalk than where it joined the street. The slope of the approach was therefore one foot in seven, and there is no evidence whatever that this slope in itself rendered the approach dangerous, or that the town was negligent, in view of all the circumstances, in constructing the approach at such a slope."

The annotator of the Lawyers Reports, in an exhaustive monographic note following the case of *Elam v. Mt. Sterling,* 20 L. R. A. (N. S.) 512, finds the rule to be:

"Whether a given street was in a reasonably safe condition for the convenience of travel is a practical question, to be determined by the jury in each case by the particular circumstances."

Plaintiff cites many cases holding that it is negligence for the city to maintain a sloping sidewalk without cleats. We have examined these cases carefully and find confirmation of our tentative opinion that it has always been so held in aid of the verdict of a jury. In other words, an appellate court will not so hold, as a matter of law, unless the facts are so patent as to warrant it in saying that the minds of reasonable men

would not differ in their conclusions; but a jury, having considered all the facts, and, having so found, its verdict will not be disturbed.

Reference to the cases will show that the grade complained of in this case is not unusual. The instant case was tried before the court and findings made that the city was not negligent. It is the settled practice of this court to treat such findings as a verdict of a jury and sustain them, unless upon an examination *de novo* we find that the evidence preponderates against them. Rem. & Bal. Code, § 1736 (P. C. 81 § 1225).

Plaintiff cites the cases of *Calder v. Walla Walla*, 6 Wash. 377, 33 Pac. 1054; *Short v. Spokane*, 41 Wash. 257, 83 Pac. 183, and *Bull v. Spokane*, 46 Wash. 237, 89 Pac. 555, 13 L. R. A. (N. S.) 1105. We have examined these cases and find that they suggest nothing in opposition to our present conclusion.

The judgment is affirmed.

Crow, C. J., Ellis, and Main, JJ., concur.

Gose, J. (dissenting)—It was not necessary to offer evidence to show that one is more liable to fall when descending a smooth, slippery inclined plane than when walking over a smooth, slippery level. That fact is one of common knowledge. The danger necessarily increases as the grade increases. When a sidewalk is laid at such a grade as to render travel upon it unsafe, its maintenance without cleats or other safeguard is a negligent act. It requires neither evidence nor argument to prove that a smooth surfaced sidewalk laid upon a grade of approximately 13 per cent is unsafe and dangerous. That fact is so obvious, as I view it, that evidence can neither emphasize nor weaken its force. Nor was it necessary to prove that others had fallen. The inference to be drawn from the majority opinion is that the first traveler who fell, or perhaps the first half dozen who were so unfortunate as to fall and sustain injuries, could have no re-

dress, but that those who later fell and who could prove the misfortune of their brethren could recover. The city laid and maintained the walk and knew its condition. To my mind, its negligence is apparent. The appellant testified that he did not observe the frost, which was a light one, before he fell. He is therefore not chargeable with contributory negligence. I therefore dissent.