CHARLES O. RYAN, Administrator, Appellant, v. NEWTON SHIRK, Appellee.

No. 39412.

APRIL 2, 1929.

1328

*E. H. Lundy* and *Elvin J. Ryan*, for appellant.

*Willoughby, Strack & Sieverding* and *Mears, Lovejoy, Jensen & Gwynne*, for appellee.

MORLING, J.—Decedent and her husband and daughter resided on the south side of an east and west rural highway. In the early evening, the three, in their automobile, started from their home westward on this highway. After having gone about 200 feet from their driveway, they stopped on the right-hand side of the road, to allow decedent to go back to the house on an errand. Decedent got out of the right-hand side of the car, and went back east, starting to cross the road diagonally to the southeast. It is the claim of the plaintiff that she crossed to about two feet (her tracks were 26 or 27 inches) north of the side of the graveled roadbed or shoulder, thence went eastwardly on that line 70 or 80 feet, when she was struck by defendant's car, coming from the west. Defendant's testimony is:

"She was just back of their car. I don't know just exactly where their car was, but she came out from behind the car, and I seen her to the left of me, and the next thing, she was running in front of my car; she was running when the car struck her. Q. When you first saw her, she was how far to your left, would you say? A. I couldn't tell; just to the left of me. * * * it wasn't but just an instant until she was in front of the car. I just saw her * * * and the next instant, she was right in front of my car. If she had stood still, she would have been to the left of me, but she ran,—at least was running when I first saw her in front of the car. * * * I swung my car to the left, as it would be natural if she was a little bit over that I would swing the car and try to miss her."

I. The court told the jury that it is the duty of the driver, upon seeing any person in a position of danger from his automobile, to sound a proper warning. Plaintiff complains of this

 instruction that it places such duty on the driver only when he actually sees a person in position of danger, and does not require him to sound his horn on approaching tops of hills and passing intersecting highways, as required by Section 5043, Code of 1927. According to the evidence, there was to the westward of the place of the accident a north and south highway intersection, and farther westward, a hill. The exception seems to be an afterthought, and is not in accord with the theory on which the case was pleaded or the evidence offered. The plaintiff's allegation is:

"That defendant negligently failed to provide a proper and suitable horn or bell or device for the purpose of giving warning, as by law provided, and negligently failed to sound any such device or to produce any sound of warning to the said Augusta Ruxton before she was so stricken."

The husband's evidence is that defendant "did not sound his horn or give any signal of any kind when coming to and passing us." He says:

"The road is nearly level for quite a distance west, and then there is just a little raise that goes over the hill. When I first saw it [defendant's car], it was in the neighborhood of 40 rods from me."

The daughter's evidence is that she saw the top of a car coming up over the hill from the west, and noticed it at the time her mother was going around the back of the car.

She says:

"There was no horn or whistle or signal of any kind sounded by Mr. Shirk as he came towards our car and before he struck my mother."

The husband's evidence on the location of the intersecting road is that, west of where he "stopped his car, there is a road running north and south, and it was about 140 or 50 steps of three feet each [defendant's evidence is, 431 feet] from where I stopped my car to this road." The brow of the hill is 631 feet west from where the car stopped. The plaintiff made no claim, either in his pleading or evidence, of a violation of Section 5043,

which requires an adequate signaling device to be sounded "on approaching curves; tops of hills, and the intersecting highways in the country where the operator's view is obscured." The instruction proceeded to state that, if defendant was aware of decedent's position in a position of danger, and upon seeing her, he had sufficient time to sound a warning, and failed to so do, it would be negligence; but if, while in the exercise of due care, defendant failed to become aware of the presence of decedent in a position of danger in time to sound a warning, his failure would not constitute negligence. The instruction is in accordance with plaintiff's pleadings. The court was not required to instruct on the theory that was not in the case as tried.

II. The court charged in Instruction Number 11 that it is the duty of persons crossing a highway to use ordinary prudence and make reasonable use of their senses, and that, if decedent attempted to cross the highway and failed to use such reasonable and ordinary prudence and to make proper use of her senses, her failure would constitute negligence. Plaintiff contends that this instruction placed a duty upon the pedestrian to know the use being made of the highway, even though that use might be unlawful. In this connection we may consider plaintiff's complaint that the court refused his request to charge that, if decedent was traveling upon the highway as an ordinarily prudent person, she had the right to be there, and to travel anywhere upon the highway in safety, and she was under no legal duty to look back or watch behind to see whether or not she was in danger from a vehicle approaching from the rear. Also, complaint that the court refused plaintiff's request to charge that decedent was required only to use such care as would be exercised by an ordinarily prudent person, and had the right, while exercising such care, to travel upon any portion of the highway as she willed, and that the mere fact of traveling upon any portion is not, of itself, negligence. It is plaintiff's claim that no instruction was given on this subject. The court gave the usual definitions of the words "negligence," "contributory negligence," and "ordinary care," to which no exceptions are presented. He also charged that decedent was required to exercise such care in the use of the highway as an ordinarily careful person would exercise under the same or similar circumstances, having due regard

to the use of the highway and the rights of others thereon. He specifically charged that the highway is a means of public travel, and both driver of automobile and pedestrian have the same right to use it for purpose of travel, and are charged with knowledge of its use, and required to use ordinary care; and that neither a pedestrian nor the driver is called upon to anticipate negligence upon the part of another person using the highway. The instructions must be considered as a whole, and so considered, are not open to the complaints here made.

III. The court in the 12th instruction told the jury that, if decedent was walking along the edge of the highway 26 or 27 inches from the shoulder, and, as defendant was turning to the left to go by her, she suddenly stepped to her left, and into the path of the automobile, she was guilty of negligence, and could not recover. Plaintiff complains that the instruction failed to take into consideration the possibility that steps might have been taken because of the negligent acts of defendant. The theory of the plaintiff and his evidence was that, when decedent was struck, she was traveling due east along a line 2 feet to 27 inches from the south side of the roadbed, and that defendant, just as he was about to strike her, turned slightly to the left. Plaintiff made no claim, and his evidence in no wise suggested, that decedent stepped in front of the car. His effort was to prove the contrary. Defendant's evidence, as has been stated, was to the effect that decedent was running diagonally southeastwardly across the road in front of his car; that, if she had stood still, she would have been to his left. On plaintiff's theory and evidence, there was no ground for claiming that decedent did step into the path of the automobile. According to defendant's theory and evidence, she was running diagonally across the highway and in front of his car. If defendant's testimony is true, decedent was clearly guilty of contributory negligence. Plaintiff now argues that decedent might have been the victim of sudden panic or surprise because of the unexpected approach of defendant's automobile, and, though acting as a reasonably careful and prudent person, stepped in front of defendant's car. The instruction is that, if decedent was walking along the edge of the highway within 26 or 27 inches of the shoulder, and as defend-

1332

ant was turning to the left, she suddenly stepped to the left into the path of defendant's automobile, she was guilty of negligence. The first clause, as to her walking along the edge of the highway, is based upon plaintiff's evidence. There is no evidence that she turned to the left. The instruction as an abstract proposition is correct. The general rules on the subject of negligence and contributory negligence, as we have seen, were properly laid before the jury. The jury were told that, if decedent was exercising such care as an ordinarily careful and prudent person would exercise under the circumstances, she was not guilty of contributory negligence, and that she was not bound to anticipate negligence upon the part of others. The instruction as a whole accorded with the theory on which the case was conducted. There was no suggestion of panic or surprise. It is not claimed that the instruction was erroneous because not supported by the evidence. The court cannot be convicted of error in not laying down propositions or qualifications that were in no wise brought to his attention or involved in the theory of the case.

The case was fairly laid before the jury.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.