EMMA J. LEONARD, Appellant, v. CITY OF MUSCATINE, Appellee.

No. 45035.

APRIL 2, 1940.

Hugh E. Chance and Herbert G. Thompson, for appellant.

Robert K. Stohr and C. R. Stafford, for appellee.

OLIVER, J.—Appellant, Emma J. Leonard, brought this action against the City of Muscatine on account of injuries from a fall upon a sidewalk. Trial to a jury resulted in verdict and judgment in favor of defendant. Hence this appeal.

Appellant's petition recited that she stepped upon a portion of sidewalk which was raised and out of alignment with the rest of said sidewalk, and which was covered with snow and ice and which caused her to slip and fall, and that each of said conditions had existed for such time that the city should have discovered and remedied the same. She charged the city was negligent: (1) in failing to repair said sidewalk when it knew or should have known of the defect, and (2) in failing to remove the snow and ice after it knew or should have known said snow and ice had accumulated on said sidewalk.

The sidewalk consisted of sandstone slabs. At the place of the accident the roots of a tree had lifted the outside edge

of the walk so that it sloped toward its center about 1 to 2½ inches per foot. At the time and place in question the sidewalk was covered with smooth ice and upon the center was a pool of water about 1½ inches deep beneath which there was ice.

To avoid this water appellant walked along the sidewalk near its outer edge. As she stepped alongside the pool she slipped on the smooth ice which covered the sidewalk and fell upon it. It was daytime. She did not see the ice upon which she stepped until after she fell. The record does not show what caused her to fall but in the briefs her counsel say she slipped on the inclined portion of the walk which was covered with a thin coat of ice.

The errors assigned have to do with an instruction which required plaintiff, not only to show that the sidewalk was then "in a dangerous condition, but that such dangerous condition, to wit: the rise and absence of alignment in the said sidewalk, together with a covering thereon of ice or snow, was known to the city or had existed or continued for such a length of time as to enable the city officials to discover the defects and remove them by the exercise of reasonable and ordinary care and diligence."

I. Appellant contends the instructions should have permitted a recovery upon either negligence in failing to remove the ice or negligence in failing to correct the slant in the sidewalk. There is no merit in this position. The record shows the ice was unaffected by artificial causes, that it was smooth and slippery and in the same condition as when nature formed it upon the sidewalk. Manifestly, this condition in and of itself would not serve as a basis for actionable negligence. Citation of authorities upon this proposition is unnecessary. Nor was it claimed the fall was caused by any roughness or unevenness in the surface of the sidewalk itself. Here the complaint referred solely to the slope and, in the words of appellant's brief: "Appellant has never contended that the slant of the walk without the ice would necessarily have caused the injury."

Under the evidence and also under appellant's trial theory no recovery could have been allowed on either ground of alleged negligence without the concurrence of the other. Consequently, the court could not properly have submitted these propositions to the jury as independent grounds of negligence.

II. Particular complaint is directed to the portion of the instruction which required, as a prerequisite to recovery, a finding of knowledge or constructive notice of the icy condition of the walk on the part of the city. Appellant's theory is that the city should have foreseen that snow and ice would accumulate upon this sidewalk and would immediately become highly dangerous. Appellant states that two things combined to cause the injury, the slope which was culpable and the ice which might not have been culpable. Appellee contends the slope was not a "culpable" defect. Both sides rely upon Turner v. City of Winterset, 210 Iowa 458, 229 N. W. 229, and cases therein cited. In view of the conclusion reached upon other grounds we will not decide or consider whether the slope was a "culpable" defect.

Turning to the error assigned it appears appellant did not request an instruction that the city need not have notice of the icy condition of the sidewalk. In Updegraff v. City of Ottumwa, 210 Iowa 382, 390, 226 N. W. 928, 931, the court said:

"The court * * * gave the customary instruction on the subject of notice. Error is predicated on the giving of this instruction, upon the theory that the court should have told the jury that, if the city had, or should have had, notice of the defective condition of the down spout and that same had become a nuisance because ice had previously accumulated upon the sidewalk on account thereof, it was unnecessary for the city to have further notice of the condition of the walk at the time of the accident, or time to remove the same. The instruction given was abstractly correct. If appellee desired a further instruction on the subject,—that is, one that would more fully have submitted her theory of notice to the jury,—an instruction to that effect should have been requested. * * *."

Furthermore, the case at bar was tried upon the theory expressed in the portion of the instruction of which appellant now complains. The petition alleged that the city had actual or constructive notice of the icy condition of the walk. Evidence was introduced in support of this allegation. We have frequently held a court is not required to instruct on a theory not in the case as tried. Lush v. Town of Parkersburg, 127 Iowa 701, 104 N. W. 336; Boerner Fry Co. v. Mucci, 158 Iowa

315, 138 N. W. 866; Ryan v. Shirk, 207 Iowa 1327, 224 N. W. 824; Struebing v. Stevenson, 129 Iowa 25, 105 N. W. 341; Buchanan v. Hurd Creamery Co., 215 Iowa 415, 246 N. W. 41. Having invited this instruction and failed to request different instructions, appellant may not now attack it.

No reversible error appearing, the judgment is affirmed.— Affirmed.

CHIEF JUSTICE and all JUSTICES concur.