THE CITY OF KEOKUK v. THE INDEPENDENT DISTRICT OF KEOKUK.

1. **Municipal Corporations:** DEFECTIVE SIDEWALK: LIABILITY OF PROPERTY OWNER. The owner of a lot in a city cannot be made liable for injuries occasioned by a defective sidewalk in front of his property.

> *Argument 1.* The city has sole authority over its streets, is charged with their improvement and repair, and vested with the power to tax for that purpose.

> *Argument 2.* Where the lot owner is required by the city to construct or repair sidewalks it is simply a method of exercising such power of taxation by which he is made the agent of the city to expend the amount of the tax, and the responsibility for the performance of the work remains where the authority to control it is found.

*Appeal from Lee District Court.*

TUESDAY, APRIL 20.

ACTION AT LAW. The petition alleges that defendant is the owner of a certain lot in the city of Keokuk; that a sidewalk along the street upon which the lot is situated became and continued for a long time out of repair and in a dangerous condition; that one Charlotte Stanwood, while passing upon the sidewalk, in the exercise of due care, incurred great bodily injuries by a fall caused by the dangerous condition of the walk, and that in an action against the city she recovered a large judgment, which, with costs, the plaintiff has paid. The petition alleges that it was the duty of defendant to keep the sidewalk adjacent to its lot in repair, and although notified of its dangerous condition, it failed to discharge this duty. The petition asks judgment for the amount paid by plaintiff, with interest and costs.

The answer denies that defendant was charged with the duty of keeping the sidewalk in repair, and alleges that such duty rested upon plaintiff, and that the injury to Mrs. Stanwood resulted from the negligence of plaintiff in failing to repair the walk; the defendant also denies that it was notified of the dangerous condition of the sidewalk. Defendant

alleges that the lot in question was owned by it for school purposes, that the property was not subject to taxation for any purpose, and that defendant was not required to keep the sidewalk in repair.

The cause was tried to the court without a jury, and judgment rendered for defendant, the court finding that plaintiff has no cause of action. Plaintiff appeals.

*Anderson & Roberts*, for appellant.

*McCrary, Hagerman & McCrary*, for appellee.

BECK, J.—I. The evidence introduced by plaintiff upon the trial in the court below sustains the allegations of its petition touching the condition of the sidewalk and the action and judgment for injuries sustained by Mrs. Stanwood. It is also shown that under the ordinances of the city sidewalks are required in certain cases to be constructed. Notice is given the owner of lots abutting upon the street requiring him to cause such walks to be made within a time prescribed by the city council. If he fail or refuse to comply with the requirements the city shall cause the sidewalk to be constructed, and shall assess and levy a special tax upon the abutting lot for the purpose of paying the expenses of the work. In case it be necessary to make repairs of said walks like proceedings are to be had, and if they be not made by the lot owner, the work is done by the city, and the cost thereof is, in a like manner, assessed and levied against the lot. It is further provided that in case the lot owner neglects or refuses to make the repairs within ten days after notice is served upon him, he shall be liable to a fine of not less than one dollar or more than twenty dollars. The evidence which supports the allegations of the answer need not be here set out.

*1. MUNICIPAL corporations: defective sidewalk: liability of property owner.*

II. Whether a school district is liable in an action of tort for injuries sustained by reason of its negligent acts or omissions, in the view we take of the case, need not be deter-

mined.   As we reach a satisfactory conclusion upon another point, which will dispose of the case, we confine our investigations and discussion thereto.

III.   The question we propose to consider, and upon which the determination of the case turns, is this:   Is defendant, without regard to its character as a school corporation, liable to plaintiff upon the facts of the case?   The question, as thus stated, will require us to regard defendant as standing in this case in the same position as to rights and liabilities as a natural person.   We will proceed to its consideration.

The city is charged by its charter with the duty and power to grade and construct streets and sidewalks.   In the exercise thereof the ordinance under which it is claimed that defendant is liable in this action was passed.   There can be no dispute upon these positions.

The manner of exercising the power is left largely to the discretion of the city government.   It may cause the work to be done, and assess the cost thereof as a special tax upon the lots abutting upon the streets to be improved.   It may require the lot owners to make the improvements, and in case of their default cause the work to be done and assess a special tax upon the abutting lots to pay for the improvements.   The city, it is very plain, is clothed with authority to determine whether the improvements are proper and demanded by the public, and the character and extent thereof.   It may order the improvements to be made, and prescribe the time and manner of their construction.   When it has exercised its authority thus far, it must determine another question, namely:   In what manner shall the money be raised to pay for the work, or what fund shall be used for that purpose?   The city may assess special taxes upon abutting lots in order to raise a special revenue to pay for the work.   When this is done it is very plain that the improvements are made and paid for by the city in the exercise of its municipal authority.   The owners of lots abutting upon the streets improved are charged with no duty touching the work other than the pay-

ment of the special tax assessed upon their property. They have no other or greater responsibility as to the improvements than other tax-payers. The case is simply this: The city in the exercise of its lawful authority causes the improvement to be made, and pays for it out of the funds raised by a special assessment upon the abutting lots; the lot owner supplies the revenue from which payment is made. It is very plain that the property holder is not liable for failure to construct or keep in repair the street or sidewalk.

In the case before us, the ordinance of the city provides that the lot owner may be required to do the work. Of course, upon his compliance no assessment can be made by the city. No question is raised as to the validity of this provision of the ordinance. The question next presented is this: Does the provision of the ordinance just stated impose liability upon the lot owner for injuries sustained by reason of the sidewalk not being repaired after he has been required and notified to make the repairs? In this case the necessity for, and character of, the repairs, and time and manner of doing the work, are determined by the city. Instead of assessing the costs of the improvement upon their lot in the first instance, the owner is called upon to do this work. In this case the city pursues a different manner of causing the improvement to be made. Instead of exercising its power through officers or contractors to employ workmen, it requires the owners to do what the officers of the city or contractors would do in other cases. Now, under what authority does the lot owner in this case make the improvement? Clearly, the authority of the city. For whom is the work done? The city. The owner, then, as the agent for the city, is authorized and required to make the improvement. In this case the city simply pursues a course, in causing the improvements to be made, which dispenses with taxation therefor, either general or special. It is another method of providing for the payment of the cost of the improvement. The lot owner may do the work, and thus escape taxation, or he may

do the work in discharge of his liability for assessment for the cost thereof. The case may be stated in other and plainer words, namely: The city causes the work to be done, and the lot owner pays for it instead of being taxed for it. The lot owner is *assessed* with the work, instead of being assessed with a money tax. All the difference between the cases where the lot owner does the work and where the city officers do it, is in the method of accomplishing the improvement and manner of paying for it. All matters pertaining to the authority to make the repairs, and the purposes thereof, are the same in each case. In each case it is equally plain that liability for the injuries resulting from the non-performance of the work rests, where the authority to do it is found, with the city. The lot owner, in doing the work, stands in the position of a tax-payer making payment of taxes. If he refuses to do the work, he simply fails to pay his taxes in a manner which the city may lawfully require, but he is not liable for injuries resulting from defective sidewalks which were not repaired for the reason he did not pay his assessment, either of labor or money. Who ever heard that a tax-payer of a city would be liable for injuries resulting from the failure of the city to make improvements, because the property owner refused to pay his taxes, and thus supply revenue, without which the city was not able to do the work?

The ordinance of the city provides that, in case the lot owner fails or refuses to make repairs of sidewalks required, he is liable to a fine. Without stopping to inquire into the validity of this provision, we may say that it is but a method of enforcing the performance of the work, which, we have seen, is in lieu of the taxes. It imposes no liability upon the lot owner for injuries resulting because the work is not done, which, as we have seen, rests only where the authority to order the work is found.

Our conclusions, as above expressed, are sustained by the following authorities: *Kirby v. Boylston Market Co.*, 14 Gray, 249; *Flynn v. Canton Co.*, 40 Md., 312; *S. C.*, 17

Am., 603; *Heeney v. Sprague,* 11 R. I., 456; *Eustace v. Johns,* 38 Cal., 3; *Jansen v. Atchison,* 16 Kan., 358.

IV. The cases cited by counsel for plaintiff are based upon the negligence of the lot owner in using the sidewalk, or in permitting obstruction thereon, or upon an obligation, by contract or otherwise, resting upon him to keep the highway in repair. See *Rowell v. Williams,* 29 Iowa, 210; *Ottumwa v. Parks,* 43 Iowa, 119; *Chicago v. Robbins,* 2 Black, 418; *Robbins v. Chicago,* 4 Wal., 657; *Inhabitants of Woburn v. Henshaw,* 101 Mass., 193; *Lowell v. Short,* 4 Cush., 275; *Lowell v. Spaulding,* 4 Cush., 277; *Inhabitants of Milford v. Holbrook,* 9 Allen, 17; *Brooklyn v. Brooklyn R. R. Co.,* 47 N. Y., 475; *Troy v. Troy etc., R. R. Co.,* 49 N. Y., 657; *Gridley v. Bloomington,* 68 Ill., 47; *Durant v. Palmer,* 5 Dutcher (29 N. Y. J. Law), 544; *Portland v. Richardson,* 54 Me., 46; *Inhabitants of Lowell v. Boston etc., R. R.,* 23 Peck., 24; *Inhabitants of Stoughton v. Porter,* 13 Allen, 191.

In our opinion the decision of the District Court is correct; it is, therefore,

AFFIRMED.