BEATON, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*October 22 — November 16, 1897.*

*Municipal corporations: Liability for defective sidewalk.*

A city cannot be held liable for an injury received by a person in slipping upon a sidewalk which was icy, unless some defect in the walk concurred with its slippery condition in producing the accident. That the walk consisted of only three boards eight inches wide does not constitute such defect.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

Action for personal injury by reason of an alleged defective and icy sidewalk. The alleged defect and the accident are alleged in the complaint as follows: "Plaintiff fell and was greatly injured by reason of the insufficiency and want of repair of said sidewalk; that said sidewalk was then and there insufficient, in this: that the same consisted of three boards or plank, eight inches in width, laid upon the pavement of said street, and so narrow that two persons could not pass thereon, and was then unsafe and dangerous; and as the plaintiff, in the exercise of due and ordinary care, was walking thereon, and while passing or attempting to pass a lady, who was also on said walk, said walk and pavement at the time being in an icy and slippery condition, was caused to slip and fall." The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and the defendant appeals.

For the appellant there was a brief by *Howard Van Wyck*, city attorney, and *C. H. Hamilton*, special assistant city attorney, and oral argument by *Mr. Hamilton*.

For the respondent the cause was submitted on the brief of *H. L. Eaton*.

NEWMAN, J. It is clear that the complaint does not state a cause of action. While the sidewalk described by the complaint is not an ideal sidewalk, it cannot be said to be a dangerous one. Its condition did not make an accident imminent to a person walking upon it. Even one board laid upon a smooth pavement may very well be tolerated during temporary repairs of a sidewalk. The city was not responsible for the slippery condition of the street unless some defective condition of the street concurred with it to produce the accident. Such conditions of sidewalks are inevitable

in this climate.   *Cook v. Milwaukee,* 24 Wis. 270; *Paulson v. Pelican,* 79 Wis. 445; *Chamberlain v. Oshkosh,* 84 Wis. 289; *Hausmann v. Madison,* 85 Wis. 187; *Orttel v. C., M. & St. P. R. Co.* 89 Wis. 127; *Taylor v. Yonkers,* 105 N. Y. 202.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.