WiNslow, J.
The defendant in error sued the city of De Pere for personal injuries resulting from a fall upon a stone apron leading from the sidewalk to tbe crosswalk upon one of the principal streets of the city of Re Pere. The apron was composed of a single block of stone, three feet six inches wide, and six feet eleven inches long; one end being elevated to correspond with the sidewalk, and the other end being on a level with the street. The pitch of the stone from the sidewalk to the street was 8.4 inches, or about one inch in ten. There was also a slight lateral pitch to the stone, but hardly perceptible to the eye. The surface of the stone was practically smooth. On the morning of the accident, February 13,1898, the stone was covered with smooth ice from one eighth of an inch to an inch in thickness. It was smooth and slippery. The defendant in error was fa *668 miliar with the stone, and walked up over it a few minutes before her fall, and testifies that she noticed the stone at that time, and that it was covered with ice, and was so slippery that she almost fell, and she knew its exact condition. In a few minutes she returned, and went down the stone, and slipped down sideways at about the center of the stone. A verdict was rendered for the defendant in error, and from judgment thereon a writ of error was sued out.
It is plain that the mere inclination of the apron, amounting to a fall of one inch in ten, even though combined with a slight lateral inclination, is not an actionable defect. It is not practicable to construct all sidewalks and crosswalks upon a dead level; there must be some slopes; and such inclination as Avas present here has been frequently held not to be an actionable defect. Cook v. Milwaukee, 27 Wis. 191. If there was no actionable defect on account of the incline, the slippery condition resulting from ordinary accumulations of ice in winter, when such accumulations are smooth, does not constitute a defect. Beaton v. Milwaukee, 97 Wis. 416. Had such accumulations become dangerously rough and uneven, and so continued for a sufficient time to import notice to the corporation, there might result a liability, but such a condition is not shown here. Salzer v. Milwaukee, 97 Wis. 471. It seems, also, that the defendant in error was guilty of contributory negligence in going upon the apron, for she knew and appreciated its exact condition. Cooper v. Waterloo, 98 Wis. 424.
By the Court.— Judgment reversed, and action remanded for a new trial.