DAVE CASE, plaintiff-appellant, v. CITY OF SIOUX CITY, defendant-appellant, and HARRY SIEGEL, defendant-appellee.

No. 48705.

(Reported in 69 N.W.2d 27)

March 8, 1955.

Geo. F. Davis and Tom E. Murray, both of Sioux City, for defendant-appellant.

Harry H. Smith, of Sioux City, for plaintiff-appellant.

Harper, Gleysteen & Nelson, of Sioux City, for defendant-appellee.

MULRONEY, J.—Plaintiff's original petition claimed damages for personal injuries sustained in a fall on an icy sidewalk in Sioux City in front of the property of defendant Siegel. It alleged negligence on the part of the two defendants, the city and Siegel, in failing to remove snow and ice accumulations from the sidewalk. An amendment to the petition alleged the defendants "negligently attempted to repair * * * the sidewalk [and] in so doing they have created a dangerous condition in the form of a slanting ridged sidewalk which has invited the accumulation of snow and ice in an irregular, ridged and uneven condition * * * and that such slanting and ridged sidewalk contributed substantially to the condition which caused the injury."

The defendant Siegel filed a separate motion to dismiss the petition as amended, which was sustained, and we granted the plaintiff an appeal and he argues the petition was sufficient to show a violation of section 368.33, Code, 1954, and said section imposes civil liability for damages against an abutting property owner who fails to comply with its provisions concerning the removal of snow from a sidewalk.

I. The Fifty-fourth General Assembly enacted section 28 of chapter 151 which is now section 368.33, Code, 1954, which we will hereinafter call the new statute, as follows: "It shall be the responsibility of the abutting property owner to promptly remove snow, ice, and accumulations from the sidewalks, but in the event that such snow, ice, or accumulations are permitted to remain on said sidewalks for more than a reasonable length of time, then the municipal corporation shall have power to remove them and to assess the actual cost thereof against the said property."

The above section replaced section 389.19, Code, 1950, which we will call the old statute and which provided as follows: "They

[cities and towns] shall have power to remove snow, ice, or accumulations from abutting property from the sidewalk, without notice to the property owner, if the same has remained upon the walk for the period of ten hours, and assess the expenses thereof on the property from the front of which such snow, ice, or accumulations shall be removed; but the expense shall not exceed one and one-half cents per front foot of any lot, and the same shall be certified and collected as other special taxes."

The plaintiff's whole argument is that the change in the statute, making prompt snow removal the "responsibility" of the abutting property owner, means he shall be liable, if he does not, to one injured by reason of his failure to perform the duty imposed. Plaintiff concedes under the old law no liability attached to the abutting property owner in favor of the traveling public, if he did not remove snow from the sidewalk. We do not find where we have precisely so held but that, no doubt, was the force of our decisions, holding there is no liability on the lot owner for injuries sustained by reason of a defect caused by the failure to repair a sidewalk. City of Keokuk v. Independent District of Keokuk, 53 Iowa 352, 5 N.W. 503, 36 Am. Rep. 226; Atkinson v. Sheriff Motor Co., 203 Iowa 195, 198, 212 N.W. 484, 485. In the last cited case we said:

"It is a general rule that, where a city is bound to repair the sidewalk, the owner of a building abutting thereon is not liable for injuries caused by defects arising from a failure to repair the same."

In the City of Keokuk case, supra, we construed an ordinance with respect to repairs, much like the snow removal statutes, in that it provided notice by the city to the lot owner to repair the sidewalk and if he failed to do so within a specified time the city could make the repairs and charge the cost against the lot in the form of a special tax. We held this ordinance imposed no liability upon the lot owner for injuries sustained by reason of the sidewalk not being repaired after the lot owner had been required and notified by the city to make the repairs.

In Allen v. City of Fort Dodge, 183 Iowa 818, 827, 167 N.W. 577, 580, the snow removal statute was mentioned, and we said: "It only regulates the expense of such removal between the city and the property owner."

■ Under the old statute there was the obligation by the abutting owner to remove the snow and ice, but it was an obligation owed to the city which could end in a tax assessment if not performed. The new statute changed the time period from ten hours to reasonable time and the chargeable expense from one and one-half cents to actual cost. The old statute did not say, in so many words, that the lot owner was responsible to the city for the removal of snow from the sidewalk, but it said the same thing when it said he could be taxed by the city if he did not. The new statute merely expressly stated an obligation which the old law always contained. We do not think the legislature intended to change the lot owner's duty to one that would cast liability on him for damages resulting from nonperformance. It would be expected the legislature would spell out such a great change in the lot owner's duty in very clear language. This is especially true because there would be some doubt as to the constitutionality of the statute if it created liability for injuries resulting from failure to perform the duty imposed. See Noonan v. City of Stillwater, 33 Minn. 198, 22 N.W. 444, 53 Am. Rep. 23; 25 Am. Jur., Highways, sections 66 and 366; 41 A. L. R. 212.

■ Conceding the validity of a provision imposing on abutting lot owners the duty to remove snow from the sidewalks and expressly making them liable for injuries occasioned by reason of failure, the rule is that in the absence of the express provision for liability to the traveling public, none will be implied. 25 Am. Jur., Highways, section 25.

As stated in 63 C. J. S., Municipal Corporations, section 868: "* * * liability of an abutting owner or occupant for injuries to a traveler ordinarily will not grow out of statutes or ordinances requiring him to repair sidewalks or remove snow and ice therefrom unless such liability is expressly imposed * * *."

In Restatement, Torts, section 288, page 760, it is stated: "Many municipal ordinances require the owners of land abutting upon a public highway to repair the sidewalk and keep it clear of ice and snow. These ordinances generally provide that if the landowner fails to make the repairs after notice to do so, the municipality may make them and charge the cost to the owner. Such ordinances are construed as creating a duty en-

forceable only by the municipality and do not subject such own- ers to liability for bodily harm caused to a wayfarer by their violations of the ordinances."

In 24 A. L. R. 387, at page 388, the note writer gives this as the general rule supported by many authorities discussed in the note: "* * * it is uniformly held that an ordinance requiring lot owners to keep the sidewalks free from snow and ice, and imposing a penalty for the neglect or failure to do so, * * * does not impose a civil liability on the lot owner in favor of a third person injured by reason of its violation."

See also, to the same effect, 28 A. L. R. 1357, 1360; 63 C. J. S., Municipal Corporations, section 862, page 234.

All of the authorities agree that such statutes or ordinances that place the responsibility on the abutting property owner to repair defects in, or remove snow from, the sidewalk are for the benefit of the municipality as a government and not for the benefit of the traveling public. If they provide for penalty or tax assessment for failure to perform the duty imposed, the legislative intent is clear: that the breach will be remediable at the instance of the government. The statute does not impose liability on the lot owner for injury to a pedestrian. Additional authority for our holding here will be found in Johnson v. Carter, 218 Iowa 587, 255 N.W. 864, 93 A. L. R. 774, where we held the requirement in the housing law that owners keep dwellings "in good repair" imposed no liability on the landlord for injuries received by a tenant growing out of a landlord's failure to make repairs.

II. The other argument advanced by plaintiff is based on the amendment to the petition wherein it is alleged the "defendants" negligently attempted to repair the defective sidewalk. The pleading is not a very clear statement that Siegel performed the act of repairing in some negligent manner. It is also a little unclear whether the pleader is alleging culpable negligence within the doctrine of such cases as Turner v. City of Winterset, 210 Iowa 458, 229 N.W. 229. But the motion to dismiss is a waiver of any ambiguity and uncertainty in the pleading. 71 C. J. S., Pleading, section 563c. Construed in favor of the pleader, the amendment does state a cause of action based

on Siegel's affirmative act of repairing the defective sidewalk, negligently performed. It is true Siegel would not be liable for injury caused by a defective sidewalk which he failed to repair. But it does not follow that if he undertakes to repair he would not be liable for injuries caused by his negligently repairing. In Atkinson v. Sheriff Motor Co., 203 Iowa 195, 212 N.W. 484, we held no liability on the abutting property owner existed by reason of his failure to repair a sidewalk, but there we stated the universal rule that such liability did exist toward travelers injured by some affirmative act of the abutting property owner that rendered the sidewalk unsafe. The rule of liability of the abutting property owner for affirmative acts usually finds application in instances where the property owner builds excavations or barriers in or close to the sidewalk or constructs downspouts from buildings that discharge on the sidewalk. But we see no difference in principle in such cases and the case where the affirmative act of the property owner is repairing the sidewalk. There are many instances in the law when even a gratuitous undertaking negligently performed can be the basis for liability. Here the abutting property owner's act of repairing is something more than gratuitous for under the law the abutting property can be assessed for the cost of repairs. We find no cases directly in point but cases holding a landlord to the duty of reasonable care in making repairs he is not obligated to make are alike on principle. "As a general rule the landlord is liable for his negligence in making gratuitous repairs * * *." 52 C. J. S., Landlord and Tenant, section 417c(2). To the extent that the trial court held the petition as amended failed to state a cause of action against the defendant Siegel, the ruling is reversed.—Reversed.

All JUSTICES concur.