Frank T. PEFFERS, Appellee–Appellant,

v.

CITY OF DES MOINES, Iowa,
Appellant,

and

Commercial Printing, Inc., Appellee.

No. 64146.

Supreme Court of Iowa.

Dec. 17, 1980.

J. M. Sullivan, Asst. City Atty., Des Moines, for appellant.

Bernard J. O'Malley and Bernard J. Connolly, Jr., of Connolly, O'Malley, Lillis & Hansen, Des Moines, for appellee–appellant.

Kent M. Forney, of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McGIVERIN, LARSON and SCHULTZ, JJ.

SCHULTZ, Justice.

On February 7, 1979, the plaintiff, Frank T. Peffers, while a pedestrian, fell on an icy public sidewalk abutting 701 Keosauqua Way, Des Moines, Iowa. He brought a suit, based on negligence, against both the City of Des Moines (hereinafter the city) and the occupant–owner of 701 Keosauqua, Commercial Printing, Inc. (hereinafter the owner). Both defendants promptly filed motions to dismiss. The trial court dismissed the claim against the owner and overruled the city's motion. Both the city and the plaintiff obtained permission to appeal in advance of judgment pursuant to Iowa R.App.P. 2(a). We affirm.

We must determine what, if any, legal duty cities and abutting property owners owe pedestrians using public sidewalks. This requires us to interpret section 364.-12(2), The Code 1979, which provides in pertinent part:

> A city is responsible for the care, supervision, and control of public grounds, streets, sidewalks, alleys, bridges, culverts, overpasses, underpasses, grade crossing separations and approaches, except those lawfully required to be maintained by a railway company, and the city shall keep all public ways, squares, and commons open, in repair, and free from nuisance, with the following exceptions:
>
> .    .    .    .    .
>
> b. The abutting property owner is responsible for the prompt removal of snow, ice, and accumulations from the sidewalks.
>
> .    .    .    .    .
>
> e. If the abutting property owner does not perform an action required under this subsection within a reasonable time, a city may perform the required action and assess the costs against the abutting property for collection . . . .

This statute was enacted in 1972. 1972 Session, 64th G. A., ch. 1088, § 21.

The parties interpret section 364.12(2) differently. Plaintiff maintains that under this provision both the city and the abutting property owner are responsible to pedestrians for the prompt removal of ice, snow, and accumulation. The city takes the position that it is not responsible for such removal and that the legislature's intent, as expressed by the use of the term "exception," was to exclude municipalities from such responsibility. The owner's position is that statutory provisions repealed by the enactment of section 364.12(2) imposed liability on the city, and this section merely revised and recodified, rather than changed, the previous law.

■ A motion to dismiss admits, and is decided solely upon, all facts well pleaded. *In re Lone Tree Community School District*, 159 N.W.2d 522, 525, (Iowa 1968). It is only sustainable when it appears to a certainty the pleader has failed to state a claim on which relief may be granted. *Murphy v. First National Bank of Chicago*, 228 N.W.2d 372, 375 (Iowa 1975).

Since we are presented with conflicting claims, we shall discuss the two motions to dismiss individually.

### I. *Liability of the abutting property owner.*

At common law property owners were not liable to pedestrians for failure to remove snow and ice from an abutting public sidewalk. *Hovden v. City of Decorah*, 261 Iowa 624, 629, 155 N.W.2d 534, 538 (1968). And although our statutory law has imposed a duty on property owners to remove snow and ice from sidewalks abutting their property, no statute prior to section 364.-12(2) has imposed liability on such property owners for injury to pedestrians caused by mere breach of that duty. *See Anderson v. City of Fort Dodge*, 213 N.W.2d 527, 528 (Iowa 1973); *Case v. City of Sioux City*, 246 Iowa 654, 658–59, 69 N.W.2d 27, 29–30 (1955) (placing liability based on negligent failure to remove snow and ice upon the municipality). *See also Atkinson v. Sheriff Motor Co.*, 203 Iowa 195, 197–98, 212 N.W. 484, 484–85 (1927); *City of Keokuk v. Inde-*

*pendent District of Keokuk*, 53 Iowa 352, 356, 5 N.W. 503, 506–07 (1880). However, abutting property owners have been held liable to pedestrians when they have caused an artificial condition on a sidewalk, such as discharging water or snow on the sidewalk and allowing it to freeze. *Smith v. J. C. Penney Co.*, 260 Iowa 573, 579–80, 149 N.W.2d 794, 798 (1967). The liability in such cases arises from a dangerous condition on the sidewalk created and maintained by the abutting owner, as opposed to a hazard created solely by nature. *Franzen v. Dimock, Gould & Co.*, 251 Iowa 742, 747, 101 N.W.2d 4, 7–8 (1960).

Although prior statutes have imposed a duty to remove snow and ice from sidewalks on the abutting property owner, the owner's obligation runs to the city not to the traveling public. *Case v. City of Sioux City*, 246 Iowa at 659, 69 N.W.2d at 30. The abutting owner does not own the sidewalk; nor do the statutes give such owner control of or an exclusive possessory right to the sidewalk. The prescribed duty of removal is enforced by a monetary penalty assessed by taxation when the city is forced to perform the abutting owner's duty.

Thus, under the law existing at the time section 364.12(2) was enacted, an abutting property owner had no legal responsibility to pedestrians for failing to remove snow and ice from a sidewalk. "[L]iability of an abutting owner or occupant for injuries to a traveler ordinarily will not grow out of statutes or ordinances requiring him to repair sidewalks or remove snow and ice therefrom unless such liability is expressly imposed . . . ." 63 C.J.S. *Municipal Corporations* § 868, at 245 (1950). *See also* Restatement (Second) of Torts § 288(c) & Comment (1965). We must therefore determine whether section 364.12(2) expressly imposes liability on abutting property owners for injury to pedestrians caused by negligent failure to remove snow and ice.

■ In examining section 364.12(2) we find no language which can reasonably be interpreted as expressly imposing such liability on an abutting property owner. We

therefore conclude that the district court correctly sustained the owner's motion to dismiss.

## II. *Liability of the city.*

In Division I we set out in detail authorities holding that the city bears a legal responsibility to pedestrians for negligently failing to remove snow and ice from public sidewalks. The city, however, claims that by enacting section 364.12(2) the legislature intended to lift legal responsibility from the city and place it squarely upon the abutting owner. In division I we held to the contrary. We must determine whether that legal responsibility still remains with the city.

The city maintains that the legislature set out the general duty of municipalities with regard to public ways in section 364.-12(2) and then qualified this duty with several exceptions. The city emphasizes the legislature's use of the term "exception" and maintains that it normally means an exclusion. Thus, the city concludes that the statute abrogates its responsibility for prompt removal of snow and ice from public sidewalks. We do not agree.

■ Our ultimate goal in interpreting statutes is to determine legislative intent. In this endeavor we are aided by certain principles of statutory construction. We may consider the language used in the statute, the objects sought to be accomplished, the evils and mischiefs sought to be remedied and place a reasonable construction on the statute which will best effect its purpose rather than one which will defeat it. *Crow v. Shaeffer*, 199 N.W.2d 45, 47 (Iowa 1972). We must examine both the language used and the purpose for which the legislation was enacted and consider all parts together without giving undue importance to one single or isolated portion. *Wilson v. Iowa City*, 165 N.W.2d 813, 822 (Iowa 1969).

■ We assume the legislature was familiar with the existing state of the law and our constructions of similar statutes. We also assume that if the legislature

sought to remedy specific evils it would have clearly so indicated. *Jahnke v. Incorporated City of Des Moines*, 191 N.W.2d 780, 787 (Iowa 1971). The preamble of legislation is evidence of legislative intent and may be considered. *See City of Des Moines v. Public Employment Relations Board*, 275 N.W.2d 753, 760 (Iowa 1979). Prior statutes may be examined, and mere differences in words or arrangement should not generate an inference of legislative intent to change the former rule. *Mowrey v. Schulz*, 230 Iowa 102, 105, 296 N.W. 822, 823–24 (1941). A revision will not be construed as altering a particular statute absent a clear, unmistakable legislative intent. *Kelly v. Brewer*, 239 N.W.2d 109, 114 (Iowa 1976). When a revised statute is ambiguous or susceptible of two constructions, reference may be made to prior statutes for the purpose of ascertaining intent. *Hanover Insurance Co. v. Alamo Motel*, 264 N.W.2d 774, 778 (Iowa 1978).

Applying these principles to the city's claim that by using the term "exception" the legislature intended to exclude the city from liability to pedestrians, we believe the city has misconstrued the term "exception" to modify the first portion of section 364.-12(2). The statute contains two separate and distinct clauses:

1. "A city is responsible for the care, supervision and control of public . . . sidewalks . . ., except those lawfully required to be maintained by a railroad company,"

2. "and the city shall keep all public ways . . . open, in repair, and free from nuisance, with the following exceptions:"

■ The first clause places a general, overall responsibility on the city, qualified only by the exception relating to public ways required by law to be maintained by railroad companies. The second clause is directory and places responsibility for housekeeping on the city, with certain exceptions. One exception places responsibility for removal of snow, ice, and accumulation from sidewalks on the abutting property owner—but the city may perform the required action and assess the cost against the abutting property. We conclude that

the term "exceptions" modifies only the second clause of section 364.12(2).

 We assume that the legislature knew of the existing state of our case law, holding the city rather than the abutting property owner liable to pedestrians. We find no clear indication in the present statute that the legislature intended to change the existing law. First, there is no language in the statute expressly addressing the issue of liability to pedestrians. Second, the legislative history of section 364.12(2) does not evince any intention on the part of the legislature either to shift to the abutting property owner or otherwise abrogate the city's liability to pedestrians for negligent care of public sidewalks. The preamble to the legislation states that the purpose of the enactment is to establish home rule for local government. A careful reading of the preamble does not reveal anything purporting to alter the existing state of the law regarding liability to pedestrians. *See* 1972 Session, 64th G.A. ch. 1088, preamble.

Section 368.33, The Code 1973, the predecessor of section 364.12(2), which was repealed by chapter 1088, provided:

> It shall be the responsibility of the abutting property owner to promptly remove snow, ice, and accumulations from the sidewalks, but in the event that such snow, ice, or accumulations are permitted to remain on said sidewalks for more than a reasonable length of time, then the municipal corporation shall have power to remove them and to assess the actual cost thereof against the said property.

In view of what we said above, we conclude that section 364.12(2) is merely a revision and recodification of repealed section 368.-33. Although the language is rearranged, we perceive no intent on the part of the legislature to change that statute's purpose, operation, or effect. If the present provision created any ambiguities concerning liability to pedestrians, they may be resolved by looking to our decisions under the repealed statute. As set out in division I, these decisions consistently held the city liable to injured pedestrians.

We hold that the legislature intended to leave legal responsibility on municipalities for injury to pedestrians caused by negligent failure to remove snow and ice from public sidewalks.

The district court's ruling was correct with respect to each of the motions to dismiss.

AFFIRMED.