Izola BUSSELLE and Leo Busselle, Plaintiffs–Appellants,

v.

Lewis L. DOUBLEDAY and Connie Doubleday, Defendants– Appellees,

and

City of Ankeny, Iowa, Defendant.

No. 91–1229.

Court of Appeals of Iowa.

March 24, 1992.

Jeffrey G. Flagg, Des Moines, for plaintiffs-appellants.

William A. Wickett and Michael F. Lacey, Jr. of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for defendants-appellees.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

On June 20, 1989, Izola Busselle tripped and fell on a raised portion of the sidewalk located in front of Doubledays' residence in Ankeny, Iowa. Busselles filed this action against Doubledays and the city of Ankeny seeking recovery for Izola's personal injuries and her husband's loss of consortium. Busselles settled with the city of Ankeny, which is no longer a party to this litigation.

Busselles claim Doubledays were negligent in failing to "maintain and keep in proper repair the sidewalk in the area of their property." They also assert Doubledays were negligent in failing to warn Izola of the defective condition of the sidewalk. Busselles insist Doubledays owed a duty for Izola's safety based on an Ankeny ordinance. Doubledays moved for summary judgment contending they owed no legal responsibility to a pedestrian for failing to maintain or repair a public sidewalk. The district court agreed with Doubledays and granted their motion for summary judgment. Busselles appeal.

■ Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R.Civ.P. 237(c); *see Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact, *Milne*, 424 N.W.2d at 423, and the evidence must be viewed in the light most favorable to the resisting party, *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). A fact issue is generated if reasonable minds can differ on how the issue should be resolved, but if the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Gott*, 387 N.W.2d at 343; *Milne*, 424 N.W.2d at 423. We determine as a matter of law Doubledays owe no duty to Busselles and are thus not liable.

■ In *Peffers v. City of Des Moines*, 299 N.W.2d 675, 677–78 (Iowa 1980), the supreme court addressed a similar situation. The court held that although the legislature had imposed a duty on property owners to remove snow and ice from the public sidewalks abutting their property, those statutes had not imposed liability on the property owners for injuries to pedestrians caused by a breach of that duty. *Id.* "[L]iability of an abutting owner or occupant for injuries to a traveler ordinarily will not grow out of statutes or ordinances requiring him [or her] to repair sidewalks or remove snow and ice therefrom unless such liability is expressly imposed...." *Id.* at 677 (quoting 63 C.J.S. *Municipal Corporations* § 868, at 245 (1950)).

We must, therefore, determine if any statute or ordinance "expressly imposes" a liability on abutting property owners for failure to maintain a public sidewalk. Iowa Code section 364.12(2) addresses sidewalk maintenance:

2. A city shall keep all public grounds, streets, sidewalks ... in repair, and free from nuisance, with the following exceptions: ...

b. The abutting property owner is responsible for the removal of the natural accumulations of snow and ice from the sidewalks within a reasonable time and may be liable for damages caused by the failure of the abutting property owner to use reasonable care in the removal of snow or ice....

c. The abutting property owner may be required by ordinance to maintain all property outside the lot and property lines and inside the curb lines upon the public streets, except that the property owner shall not be required to remove diseased trees or dead wood on the publicly owned property or right of way.

d. A city may serve notice on the abutting property owner, by certified

mail to the property owner as shown by the records of the county auditor, requiring the abutting property owner to repair, replace, or reconstruct sidewalks.

    e. If the abutting property owner does not perform an action required under this subsection within a reasonable time, a city may perform the required action and assess the costs against the abutting property for collection in the same manner as a property tax. This power does not relieve the abutting property owner of liability imposed under paragraph "b".

The legislature amended subsection (b) after the *Peffers* decision. *See Fritz v. Parkison*, 397 N.W.2d 714, 717 n. 1 (Iowa 1986). It is now clear liability is imposed on the abutting property owner for failure to remove natural accumulations of snow and ice within a reasonable time.

    ■ We find the legislature has not imposed such liability on the abutting owner for failure to maintain and repair sidewalks. There is no language which can be interpreted as "expressly imposing" liability. *See Peffers*, 299 N.W.2d at 677. Iowa Code section 364.12 cannot be the basis for imposing liability on Doubledays.

Busselles also argue Ankeny ordinance 12.04.030 imposes liability on abutting property owners. That ordinance provides:

> *12.04.030 Maintenance by Property Owner Required.* The abutting property owner is required to maintain all property outside the lot and property line and inside the curb line upon public streets, including sidewalks. If the abutting property owner does not maintain such property in suitable condition, the City

shall serve notice on the abutting property owner, requiring him [or her] to repair or maintain the same. If the abutting property owner does not make the required repairs, the City may perform the required action and assess the cost against said property for collection in the same manner as the property tax.

This ordinance merely follows Iowa Code section 364.12(2)(c) (1991). This ordinance does not expressly impose liability on the property owner for failure to maintain a sidewalk.

    ■ Finally, Busselles argue Izola was a licensee at the time of her fall. We note any obligation on the owner "runs to the city not to the traveling public." *Id.* (citing *Case v. City of Sioux City*, 246 Iowa 654, 659, 69 N.W.2d 27, 30 (1955)). Doubledays do not own the sidewalk, nor do the statutes give them control of or an exclusive possessory right to the sidewalk. *See Peffers*, 299 N.W.2d at 677. Because the city of Ankeny owns the sidewalk, the licensee designation merely describes the relationship between Izola and the city. We find no merit in this argument.

We have considered all arguments raised by Busselles, and we affirm the trial court dismissal of their claim against Doubledays.

    AFFIRMED.